IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERRICK D. JONES,**

        **Petitioner,**

    v.                               CASE NO. 11-3055-RDR

**LISA HOLLINGSWORTH,**
**Warden, USP-Leavenworth,**

        **Respondent.**

## O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. The filing fee has been paid.

Petitioner begins his petition by alleging "[t]his is a sentencing issue." Mr. Jones was sentenced in the Western District of Missouri on December 3, 2001, to 293 months in prison. He appealed his conviction to the Eight Circuit Court of Appeals, which affirmed in 2002. Petitioner seeks to challenge his sentencing as an armed career criminal under 18 U.S.C. § 924(e). He claims that prior state convictions were improperly considered because his "civil rights were restored" under Missouri law after he was released from serving the state sentences.[1]

Petitioner's claims are obviously attacks upon the sentence entered in the Western District of Missouri. 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the

---

[1] The court notes that petitioner attaches an affidavit in which his own Assistant Federal Public Defender averred that she researched this issue and found that there were no grounds for a motion to dismiss on this basis because Missouri does not substantially restore civil rights.

> Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. A § 2241 petition has a distinct purpose from a § 2255 motion. The former petition attacks the execution of a sentence rather than its validity. A § 2241 Petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964). In other words, a motion under § 2255, which must be filed in the district that imposed sentence, is the "exclusive remedy" for challenging a sentence unless there is a showing that the remedy is inadequate or ineffective. See 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). That remedy is inadequate or ineffective only in "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Jones alleges that he has filed § 2255 motions in the sentencing court in Missouri. He filed a § 2255 motion claiming sentencing error that was denied in 2003. In addition, he filed a second § 2255 motion in the Missouri court raising the ground "Civil Rights Restoration" that was denied on February 3, 2011. He apparently believes that the decisions of the appellate court and the sentencing court on his legal claims were incorrect.

Mr. Jones argues that his remedy under § 2255 is inadequate and ineffective, and thus he should be allowed to proceed in this court under § 2241. In support, he alleges that he is "actually innocent,"[2] that he has exhausted his remedies on direct appeal and "on initial motion under 28 U.S.C. § 2255," and that he is precluded from filing a second or successive § 2255 motion because he cannot show the exceptions in § 2255.

It is well-settled that the fact that Mr. Jones is precluded from filing another § 2255 motion[3] does not establish that the remedy is ineffective. Sines v. Wilner, 609 F.3d 1070 (10th Cir. 2010); see Bustillo v. Hood, 168 Fed.Appx. 255, 256 (10th Cir.), cert. denied, 547 U.S. 1159 (2006); Caravalho, 177 F.3d at 1178. An erroneous decision on a § 2255 motion does not render the § 2255 remedy ineffective.[4] See Sines, 609 F.3d at 1073. Nor does the fact that Mr. Jones "exhausted" his direct criminal appeal and filed an initial § 2255 motion, entitle him to additional review of challenges to his sentence by a different federal district court under § 2241. This court simply does not have jurisdiction to hear petitioner's challenges to the legality of his sentence. Haugh, 210 F.3d at 1150.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice.

---

[2] Mr. Jones' allegations indicate that he is claiming legal rather than factual innocence.

[3] Because petitioner has already had two § 2255 motions denied, this court finds it would not be in the interest of justice to treat this action as a § 2255 motion and transfer it to the sentencing court. A third § 2255 motion would clearly be successive, and to file such a motion Mr. Jones would first have to obtain authorization from the Eight Circuit Court of Appeals.

[4] Petitioner does not allege that he appealed the sentencing court's decisions on his § 2255 motions.

**IT IS SO ORDERED.**

**DATED: This 8th day of April, 2011, at Topeka, Kansas.**

                                               **s/RICHARD D. ROGERS**
                                               **United States District Judge**